UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TERRY D. WILSON,
   Plaintiff,

vs.                        No. 08-1240

JOHN THOMPSON, et. al.,
   Defendants

## MERIT REVIEW ORDER

This court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, a pretrial detainee, has filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated in Bureau County, Illinois. The plaintiff has named six defendants including Sheriff John Thompson, Officer Scott Underwood, Deputy Sheriff Patrick Beabea, the Bureau County Board of Commissioners, State Trooper Thomas Vakasky and an unknown State Trooper.

The plaintiff's complaint makes several different allegations. The plaintiff alleges that Officer Scott Underwood made an illegal arrest based on racial profiling as part of a conspiracy with the Illinois State Police. (Comp., p. 5). The plaintiff provides no further information regarding this claim, but has attached citations from Police Officer Underwood and from a state trooper that were issued on September 10, 2008. The citations are for speeding, driving on a suspended license, possession of cannabis, cannabis trafficking, and manufacturing and delivery of cannabis.

The plaintiff was arrested on September 10, 2008, signed his complaint on September 12, 2008 and it was received in the clerk's office on September 18, 2008. Obviously the criminal charges are still pending against the plaintiff and therefore his claims concerning his arrest are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* states:

> [w]hen a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgement in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

The Seventh Circuit Court of Appeals has held that *Heck* not only applies to convictions, but also to pending criminal charges. *Washington v. Summerville,* 127 F.3d 522 (7th Cir. 1997). Since a finding in favor of the plaintiff would necessarily imply the invalidity of any future conviction, his claims concerning the arrest are barred.

1

The plaintiff also says the Bureau County Jail is unsafe because it is "structurally unsound." (Comp, p. 5). The plaintiff claims the walls have caved in at one section of the jail. The plaintiff also brings up several other problems with the jail including improper lighting, mold in the cells, substandard mattresses, dirty and cold food, dirty and cold shower water, improper drainage and leaking water. (Comp, p. 7) Taken as a whole, the plaintiff has adequately alleged a violation of his Eighth Amendment rights based on his living conditions. However, the court notes the plaintiff filed this lawsuit after only two days in the jail which will impact the strength of his claims. In addition, the plaintiff could not have exhausted administrative remedies as required. *See* 42 U.S.C. §1997e(a). Nonetheless, the defendants from the Bureau County Jail will have to file a motion for summary judgement on this issue establishing that the jail does have a grievance process.

The plaintiff also says the jail has allowed several inmate to commit suicide including three in the past two years. The plaintiff has no standing to bring this claim involving other individuals.

The plaintiff says he has high blood pressure that he takes medication for and "has not been seen by a doctor to his date and now runs the risk of a stroke or even death." (Comp, p. 6) The plaintiff also says he has several other unspecified medical problems. The plaintiff has failed to state a violation of his constitutional rights. The plaintiff admits he has medication for his high blood pressure and has not stated any need for seeing a doctor in the two days he has been in the jail.

The plaintiff says there is no law library or legal books at the jail to allow inmates to "effectively aid and assist their attorneys in their defense of criminal charges." (Comp, p. 6). However, the plaintiff has failed to state a constitutional claim that he has been denied meaningful access to the courts because he admits he has been appointed counsel. *See Walkers v Edgar,* 163 F.3d 430, 436 (7th Cir. 1998) (inmate represented by counsel "can hardly complain of a denial of access to the courts."); *see also United States ex. rel George v. Lane,* 718 F.2d 226, 230 (7th Cir. 1983)(state not required to provide law library access if plaintiff has been appointed counsel.)

The plaintiff's only surviving claim is based on the living conditions in the Bureau County Jail. Therefore, the court will dismiss Defendants Police Officer Underwood and the State Troopers as they are not responsible for conditions in the jail. The plaintiff also says he is suing the Bureau County Board of Commissioners "under the doctrine of Respondent Superior" because the board "should have known that the Sheriff (John Thompson) was doing a very unsafe and unprofessional job. (Comp., p. 6) The claims against the County Board are dismissed. "[A] defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established in order for liability to arise under 42 U.S.C. §1983." *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981). In addition, the doctrine of *respondeat superior* (supervisor liability) does not apply. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). "(A) supervising prison official cannot incur §1983 liability unless that officer is shown to be personally responsible for a deprivation of a constitutional right." *Vance v Peters,* 97 F.3d 987, 992 (7th Cir. 1996).

**IT IS THEREFORE ORDERED:**

2

**1)  The merit review hearing scheduled for October 29, 2008, is cancelled, writ vacated. Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims: Defendants Sheriff John Thompson and Deputy Sheriff Patrick Beabea violated the plaintiff's Eighth Amendment rights based on conditions at the Bureau County Jail.**

**2) All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.   The Clerk of the Court is directed to dismiss Defendants Police Officer Scott Underwood, the Bureau County Board of Commissioners, State Trooper Thomas Vakasky and an unknown State Trooper for failure to state a claim upon which relief can be granted.**

**3)  This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4)  This case is referred to the magistrate judge for consideration of the motion to proceed** *in forma pauperis* **and entry of a  Prisoner Scheduling Order.  The Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

       Entered this  29th   Day of  September            , 2008.


                                    s\Harold A. Baker
                    _____
                                     HAROLD A. BAKER
                              UNITED STATES DISTRICT JUDGE