UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TERRY WILSON,
    Plaintiff,

vs.   No. 08-1240

JOHN THOMPSON, et al.
    Defendants.

## ORDER OF DISMISSAL

This cause is before the court for consideration of the defendant's motion to dismiss the complaint. [d/e 13]. The motion is granted.

The pro se plaintiff first filed his complaint pursuant to 42 U.S.C.§1983 on September 18, 2008. The court conducted a merit review on September 29, 2008 and found that the plaintiff had adequately alleged that two defendants had violated the plaintiff's Eighth Amendment rights. *See* September 29, 2009 Merit Review Order.

The plaintiff then filed a motion with the court asking to be transferred from the Bureau County Jail due to fears about his safety. The motion was denied, but the court noted that the most recent court orders sent to the plaintiff has been returned to the Clerk of the Court. The court stated that it appeared the plaintiff had already been transferred and ordered the defendants to provide the address of his new facility. January 6, 2009 Text Order.

The defendants complied. However, the defendants stated that the plaintiff was a pretrial detainee who had been released on bond. The defendants provided the plaintiff's last known home address. The court entered another order on January 26, 2009 informing the plaintiff that if he wished to pursue his litigation, he must immediately confirm his new address. The plaintiff was ordered to comply with the court order on or before February 9, 2009. This order was also returned to the Clerk of the Court as undelivered.

On March 20, 2008, the defendants filed a motion to dismiss the plaintiff's complaint. [d/e 13] The court has allowed the plaintiff additional time to provide his current address, but has still received no response from the plaintiff. The court has no way to contact the plaintiff and no way to continue this litigation.

**IT IS THEREFORE ORDERED that:**

**1) The defendants motion to dismiss the plaintiff's lawsuit for failure to prosecute with due diligence is granted. [d/e 13]    *See* Fed. R.Civ. P. 41(b).**

**2) The plaintiff is still responsible for ensuring the $350.00 filing fee is paid to the clerk of the court. Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.**

ENTERED this 16th day of October, 2009.

                                                  **s\Harold A. Baker**
                                      _____
                                                   HAROLD A. BAKER
                                    UNITED STATES DISTRICT JUDGE